a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| YOEL GUERRA-VINALES #A074-054-223, <br> Petitioner | CIVIL DOCKET NO. 1:25-CV-00725 <br> SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KRISTI NOEM, <br> Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Yoel Guerra-Vinales ("Guerra-Vinales"). Guerra-Vinales is an immigration detainee at South Louisiana ICE Processing Center in Jena, Louisiana. ECF No. 1. He challenges his continued detention.

Because Guerra-Vinales's Petition is premature, and he is not entitled to release, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Guerra-Vinales is a native and citizen of Cuba who was paroled into the United States in 1995. ECF No. 1-4 at 1. He was convicted of domestic battery in 2005, and ordered removed to Cuba in 2006. *Id.* at 1-2.

In 2021, Guerra-Vinales pleaded guilty in federal court to two counts of distribution of methamphetamine. *United States v. Guerra-Vinales*, 2:18-cr-00399

(D. Nev.), ECF No. 73. He was sentenced to 84 months of imprisonment. *Id.* at ECF No. 80.

A motion to reopen the immigration judge's jurisdiction was granted on January 13, 2025. ECF No. 1-2 at 5; 1-4 at 2. Guerra-Vinales was ordered removed again on March 6, 2025, and his appeal was dismissed on May 7, 2025.[1]

Guerra-Vinales alleges that he was detained by immigration officials on February 4, 2025, when released from the custody of the Bureau of Prisons. He asserts that there is no likelihood of removal in the reasonably foreseeable future. ECF No. 1-4 at 3.

Guerra-Vinales seeks his release from custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). ECF No. 1-4 at 3-4.

## II. Law and Analysis

After an alien is ordered removed, the Government generally has 90 days to remove him. *See* 8 U.S.C. § 1231(a)(1)(A). However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month

---

[1] https://acis.eoir.justice.gov/en/caseInformation

2

presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Guerra-Vinales's removal order became final on May 7, 2025, when the Board of Immigration Appeals dismissed his appeal. His Petition was filed on May 27, 2025, before the expiration of the 90 day removal period. Therefore, the Petition is premature. Furthermore, Guerra-Vinales does not provide any factual allegations or evidence indicating that Cuba has refused to issue travel documents. There is no reason to believe his removal is unlikely to occur in the reasonably foreseeable future.

## III. Conclusion

Because Guerra-Vinales's Petition is premature, and he is not entitled to release at this time, IT IS RECOMMENDED that his Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, June 10, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE